FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 18 2019   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RENEE M. BRIGGS,

      Plaintiff,

  -against-

SCO FAMILY OF SERVICES, MEGAN RYAN,
BONNIE ISSAC, ALLISON PACHECO, JESSICA
FISHSTEIN, and LORI HANNIBAL,

      Defendants.

----------------------------------------------------------------X

**ORDER**
16-CV-3882 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

On July 6, 2016, *pro se* plaintiff Renee Briggs ("plaintiff") file the complaint in this action against defendants SCO family of Services, Megan Ryan, Bonnie Issac, Allison Pacheco, Jessica Fishstein, and Lori Hannibal ("defendants"), alleging employment discrimination and retaliation. (Compl., Dkt. No. 1.) On March 16, 2018, this Court dismissed plaintiff's complaint without prejudice and with leave to amend. (Dkt. No. 39.) Plaintiff filed an amended complaint on April 16, 2018. (Dkt. No. 41.)

On February 13, 2019 Magistrate Judge Locke issued a Report and Recommendation (the "R&R," Dkt. No. 54) recommending that the Court grant the motion to dismiss filed by defendants (Dkt. No. 44) and grant plaintiff leave to amend her complaint. The R&R was served on plaintiff on February 14, 2019 (Dkt. No. 55.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R, *i.e.*, by February 27, 2019. (R&R 23.) On February 26, 2019, plaintiff filed her objections to the R&R. (Obj., Dkt. No.

1

56.)[1] For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, grants the motion to dismiss as to all defendants, and grants plaintiff thirty (30) days to amend her complaint.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

---

[1] The Court notes that, although plaintiff's submission is titled "Plaintiffs' Memorandum of Law in Opposition Defendant's Motion to Dismiss," the Court is treating it as objections to the R&R.

### Plaintiff's Objections

Plaintiff objected to the R&R on the grounds that the underlying motion to dismiss was insufficient and conclusory. (Obj. at 4.)

### Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the R&R in their entirety.

In particular, the Court finds that the R&R applied the proper legal standard to plaintiff's Title VII discrimination and retaliation claims, and correctly concluded that the current allegations failed to state a plausible claim. First, the R&R correctly determined that plaintiff failed to plead facts with respect to the basic elements of a discrimination claim that would allow the Court to determine whether the claim is plausible. (R&R at 16.) For example, plaintiff did not "adequately [plead] membership in a protected class" or provide allegations that plausibly assert that she was terminated because of her membership in that protected class. (*Id.* at 16-17.) Further, the complaint lacks "allegations that [d]efendants acted with discriminatory animus when they suspended and terminated" plaintiff. (*Id.* at 17.) Regarding the retaliation claim, the R&R also correctly determined that plaintiff failed to state a plausible claim. (*Id.* at 19.) Specifically, plaintiff did not adequately plead that she was "engaged in protected activity prior to any adverse action" and if she was, "whether there was a causal connection between the supposed protected activity and [plaintiff]'s suspension or termination. (*Id.* at 20.) In short, after *de novo* review, the Court concludes that Magistrate Judge Locke correctly found that plaintiff's current allegations do not state a plausible claim under Title VII and must be dismissed.

In reaching this conclusion, the Court has fully considered plaintiff's objections and determines that they do not point to any defects in the analysis or recommendations of the R&R. Specifically, plaintiff merely restates the conclusory and generalized arguments she made in his complaint. For example, plaintiff states that she was "subject to Megan derogatory comments, numerous visits before [p]laintiff arrived." (Obj. at 8), and that she informed "all officials at SCO Family of Service during the summer camps 8/2015 of the harassment, never investigated." (*Id.*) Plaintiff does not identify any defect in Magistrate Judge Locke's legal standard or his application of that standard to plaintiff's allegations. The Court is unable to construe the objections in any way that undermines the well-reasoned and thorough analysis of the R&R. In short, after *de novo* review, the Court agrees with the R&R and dismisses plaintiff's claims. Any additional allegations that plaintiff attempts to set forth in her objections can be asserted in an amended complaint.

The Court also agrees with the R&R that plaintiff should be given leave to replead. Mindful of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint. *See, e.g., Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) ("When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."); *see also Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them.").

In light of the foregoing, the Court adopts the analysis and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss (Dkt. No. 44) is granted, and the claims are dismissed without prejudice. IT IS FURTHER ORDERED that plaintiff is granted leave to amend his complaint. Plaintiff shall file the amended complaint by April 19, 2019.

SO ORDERED.
S. JOSEPH F BIANCO

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2019
Central Islip, NY